UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| OSCAR GUILLEN, SR., | ) |
| | ) |
|         Petitioner, | ) |
| vs. | ) Case No. 1:14-cv-1143-JMS-MJD |
| | ) |
| DUSHAN ZATECKY, | ) |
| | ) |
|         Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Oscar Guillen for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVE 13-05-0055. For the reasons explained in this Entry, Mr. Guillen's habeas petition must be **denied**.

**Discussion**

**A. Standard**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974).

**B. The Disciplinary Hearing**

On May 13, 2013, Correctional Sergeant B. Spray wrote a Report of Conduct in case WVE 13-05-0055 charging Guillen with threatening. The Report of Conduct states:

> On 5-13-13 at approx. 6:45 PM, I, Sgt. B. Spray, while supervising outdoor recreation for DHU, was approached by Offender Guillen, Oscar DOC # 950987 who resides in DHU cell 409. Offender Guillen stated that when he gets out of prison, he is going to come back for me. He stated that he is going to find out where I live and come to my house and beat my ass.

On May 14, 2013, Guillen was notified of the charge of threatening and served with the Report of Conduct and the Notice of Disciplinary Hearing "Screening Report". Guillen was notified of his rights, pled not guilty and requested the appointment of a lay advocate. He requested several witnesses, including Lt. Nicholson and Robert Napier, but did not request any physical evidence.

The hearing officer conducted a disciplinary hearing in WVE 13-05-0055 on May 22, 2013, and found Guillen guilty of the charge of threatening. In making this determination, the hearing officer considered the offender's statements, staff reports, evidence from witnesses, and grievance paperwork. The hearing officer recommended and approved the following sanctions: a written reprimand, one month loss of phone privileges, a 90 day deprivation of earned credit time, and a demotion from credit class I to credit class II.

Guillen's appeals were denied and he filed the present petition for a writ of habeas corpus.

**C. Analysis**

In support of his claim for habeas relief, Guillen argues the following: 1) the decision maker was not impartial; 2) the evidence is not sufficient; 3) the charge was against Department of Correction ("DOC") policy because it was retaliatory; and 4) he was not able to present the certain evidence.

1. *Impartial Decision-maker*

Mr. Guillen first argues that his Hearing Officer was not impartial. He supports this conclusion by stating that the evidence was insufficient to support his conviction. It is true that a "sufficiently impartial" decision maker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson,* 236 F.3d 817, 820 (7th Cir. 2000) (per curiam); *Redding v. Fairman,* 717 F.2d 1105, 1112, 1116 (7th Cir. 1983). "The impartiality requirement mandates disqualification of a decision maker who is directly or substantially involved in the incident underlying a prison disciplinary hearing." *Gaither*, 236 F.3d at 820. Mr. Guillen does not allege that his Hearing Officer was involved in the incident and the fact that Mr. Guillen disagrees with the Hearing Officer's decision is insufficient to show bias. *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir.2003) ("Adjudicators are entitled to a presumption of honesty and integrity.").

2. *Sufficiency of the Evidence*

Mr. Guillen also argues that the evidence was insufficient to support the guilty finding. Due process requires only that the Hearing Officer's decision be supported by "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. Although the evidence before the hearing officer must "point to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), the standard of some evidence "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill*, 472 U.S. at 457. The determination should be upheld if "there is any evidence in the record that could support the conclusion reached." *Id*. Even

"meager" proof will suffice so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id*.

Here, the conduct report stating that Mr. Guillen told Sergeant Spray that he was going to find him and harm him after Mr. Guillen's release from prison is sufficient evidence to support Mr. Guillen's threatening conviction. *See McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999) (a conduct report alone may provide "some evidence" of guilt, notwithstanding its brevity or the presence of conflicting evidence). Mr. Guillen has failed to show otherwise. First, he does not appear to argue that he did not threaten Sergeant Spray, but states that "Spray is the one who criminally provoked and harassed me to fight." Further, to the extent that Mr. Guillen argues that his actions did not violate state law, this argument is not relevant to whether the evidence is sufficient to support a conviction under the Disciplinary Code for Adult Offenders.

### 3. *Violations of Adult Disciplinary Policy*

Mr. Guillen next appears to argue violations of the Adult Disciplinary Policy. He asserts that the charges violated DOC policy because they are retaliatory. But violations of state law do not entitle prisoners to habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62 (1991). Moreover, the ADP is an unpromulgated procedure of the DOC, and violations of the ADP do not state a claim for federal habeas relief. *Hester v. McBride*, 966 F.Supp. 765, 774-75 (N.D. Ind. 1997).

### 4. *Presentation of Evidence*

Finally, Mr. Guillen appears to argue that he was not permitted to submit a statement from another inmate who he contends would have stated that he witnessed Sergeant Spray threaten Mr. Guillen. First, to establish a due process violation, an inmate must show that the evidence would have been exculpatory. *See Jones v. Cross,* 637 F.3d 841, 847 (7th Cir. 2011). Mr. Guillen asserts that the witness at issue would have stated that Sergeant Spray threatened Guillen. This evidence

does not speak at all to whether or not Mr. Guillen is guilty of the charge of threatening Sergeant Spray and therefore would not have been exculpatory. In addition, Mr. Guillen has not presented sufficient evidence that the witness statement at issue actually exists. He has not identified the alleged witness or provided an affidavit from that witness that he would have provided the testimony Mr. Guillen claims. Finally, Mr. Guillen was permitted to present evidence, including the statements of other inmates, at his hearing. The evidence he presented included a witness statement from another inmate who claimed that Sergeant Spray threatened Guillen.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Guillen's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: December 16, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Oscar Guillen, Sr.
950987
Miami Correctional Facility
3038 West 850 South
Bunker Hill, IN 46914

All electronically registered counsel